LAW OFFICE OF JARRED S. FREEMAN L.L.C.
37-11 35th Avenue #2
Long Island City, NY 11101
T (732) 494-7900
F (732) 494-7904
ATTORNEYS FOR PLAINTIFF BOSTON SCIENTIFIC CORP.

---------------------------------------------X    UNITED STATES DISTRICT COURT
                                                  EASTERN DISTRICT OF NEW YORK

BOSTON SCIENTIFIC CORP.,

    Plaintiff,

        v.                                    __ Civ.

MILLENNIUM HEALTHCARE, INC.;
ABC CORP. 1-10;
JOHN DOE. 1-10,

Jointly and Severally,
    Defendants.

---------------------------------------------X

## VERIFIED COMPLAINT

Boston Scientific Corporation ("plaintiff" or in the alternative "Boston Scientific"), by and through their attorneys, Law Office of Jarred S. Freeman L.L.C., as and for their Complaint, respectfully allege as follows:

### NATURE OF THE CASE AND JURISDICTION

1. This is a civil action brought, *inter alia*, by Boston Scientific for equitable relief and for breach of contract, account stated, unjust enrichment and *quantum*

*meruit.* This Complaint alleges that by failing, refusing or neglecting to comply with specific contractual obligations defendants are liable to plaintiffs for an unpaid sum of $78,293.63 plus interest, attorney's fees, and punitive damages as the Court sees fit.

2. Jurisdiction of this Court is invoked due to diversity of the parties. Plaintiff is a Delaware Corporation with principal executive offices located at One Boston Scientific Place, Matick, MA 01760. Defendant Millennium Healthcare, Inc. ("Millennium Healthcare") is a New York domestic for-profit corporation headquartered in Garden City, NY with principal place of business located at 400 Garden City Plaza, Garden City, NY 11530. The amount in controversy excluding interest and fees is $78,293.63.

3. Venue properly lies in this district as defendant Millennium Healthcare is located in the county of Nassau.

## PARTIES

4. Plaintiff is a Delaware Corporation authorized to conduct business in the State of New York; founded in 1979 with the purpose to lead global markets for less-invasive medical devices by developing and marketing innovative products, services and therapies that address unmet patient needs, provide superior clinical outcomes and demonstrate proven economic value.

5. Defendant Millennium Healthcare is a New York not-for-profit corporation engaged in providing medical and healthcare services with a principal place of business located at 400 Garden City Plaza, Garden City, NY 11530.

6. Defendant(s) ABC Corp. 1-10 are fictitious defendant(s) sued because the identities of all business entities involved in the complaint at issue are presently unknown.

7. Defendant(s) John Doe 1-10 are fictitious defendant(s) sued because the identities of all individuals involved in the complaint at issue are presently unknown.

## STATEMENT OF FACTS

8. Defendant Millennium Healthcare contracted with Boston Scientific to provide medical supplies to defendant pursuant to purchase orders.

9. Plaintiff invoiced defendant Millennium Healthcare regarding payment multiple times without receiving payment back. Copies of relevant invoices and debit memos are attached as Exhibit A.

10. As of September 1, 2015, defendant Millennium Healthcare owes plaintiff $78,293.63 plus 1.5% interest for a total of $79,468.03.

11. As of September 1, 2015, plaintiff provided $78,293.63 in medical supplies to defendant Millennium Healthcare, for which defendants fail to remunerate plaintiff.

12. Although plaintiff provided the medical supplies pursuant to contract, there currently remains a balance due of $78,293.63 in principal plus $1,174.40 in contractual interest, for a total of $79,468.03.

13. Plaintiff has demanded that defendants pay the outstanding balance multiple times and have given defendants ample opportunity to do so but defendants have substantially and materially breached the agreement by refusing to pay.

14. Due to the defendants' actions plaintiffs have been forced to commence the instant litigation and expend funds retaining counsel.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>
(BREACH OF CONTRACT)
[ALL DEFENDANTS]

15. Plaintiff repeats and reiterates the allegations contained previously in the Complaint as if same were set forth at length herein.

16. Defendants contracted with plaintiff to provide medical supplies to a healthcare facility under defendant Millennium Healthcare's control located at 231 Washington Avenue, Garden City, NY 11530.

17. Plaintiff provided the medical supplies to defendants pursuant to defendants' orders under the terms of their contractual agreement, and shipped the supplies to the Washington Avenue address. Defendants accepted the shipments and took tender of the supplies.

18. Defendants have substantially and materially breached this agreement by refusing and failing to pay plaintiff the outstanding balance for the delivered supplies.

19. Plaintiff has demanded the outstanding amount from defendants multiple times to no avail.

20. As a direct and proximate result of defendants' breach, plaintiff sustained substantial damages.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

(a) Damages in the amount of $79,468.03 including contractual interest;

(b) Attorney's fees;

(c) Costs of suit; and

(d) Such other and further relief which the Court deems equitable and just.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(ACCOUNT STATED)
[ALL DEFENDANTS]

21. Plaintiff repeats and reiterates all the allegations contained previously in the Complaint as if same were set forth at length herein.

22. Plaintiff provided defendants with medical supplies at the defendants' behest.

23. During all relevant times, plaintiff invoiced defendants with the outstanding

amounts due.

24. Prior to providing said medical supplies to defendants, plaintiff and defendant maintained a debtor-creditor relationship.

25. Plaintiff and defendant maintained a contractual and implied agreement as to the amount due.

26. Defendant maintained the express promise to pay the amount due.

27. Plaintiff provided defendant with a statement of the account, for which defendants agreed to the total amount due.

28. Plaintiff has demanded that the balance be paid in full but defendants have not paid same.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

(a) Damages in the amount of $79,468.03 including contractual interest;

(b) Attorney's fees:

(c) Costs of suit; and

(d) Such other and further relief which the Court deems equitable and just.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(PROMISSORY ESTOPPEL)
[ALL DEFENDANTS}

29. Plaintiff repeats and reiterates all the allegations contained earlier in the Complaint as if same were set forth at length herein.

30. At defendants' request, plaintiff provided medical supplies of which an unpaid balance remains at $78,293.63.

31. The $78,293.63 unpaid balance represents a fair and reasonable value of the medical supplies provided by plaintiff at defendants' request.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

(a) Damages in the amount of $79,468.03 including contractual interest;

(b) Attorney's fees;

(c) Costs of suit; and

(d) Such other and further relief which the Court deems equitable and just.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
(UNJUST ENRICHMENT)
[ALL DEFENDANTS]

32. Plaintiff repeats and reiterates all the allegations contained earlier in the Complaint as if same were set forth at length herein.

33. As a direct and proximate result of defendants' conduct, defendants have been unjustly enriched and will continue to be unjustly enriched at plaintiff's expense if they are allowed to retain the benefits of the medical supplies already delivered

without compensating plaintiff for the value of same.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

(a) Damages in the amount of $79,468.03 including contractual interest;

(b) Attorney's fees;

(c) Costs of suit; and

(d) Such other and further relief which the Court deems equitable and just.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (QUANTUM MERUIT)
### [ALL DEFENDANTS]

34. Plaintiff repeats and reiterates all the allegations contained earlier in the Complaint as if same were set forth at length herein.

35. In good faith, plaintiff provided medical supplies to defendants, at a healthcare facility under defendant Millennium Healthcare's control located at 231 Washington Avenue, Garden City, NY 11530.

36. The medical supplies that plaintiff provided were either expressly or impliedly accepted by defendants.

37. Plaintiff reasonably expected compensation for the medical supplies it provided to defendants.

8

38. The fair and reasonable value of the medical supplies accepted by defendants but that remain unpaid is at least $78,293.63.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally for:

(a) Damages in the amount of $79,468.03 including contractual interest;

(b) Attorney's fees;

(c) Costs of suit; and

(d) Such other and further relief which the Court deems equitable and just.

## CERTIFICATION OF NO OTHER ACTION PENDING AND THAT ALL NECESSARY PARTIES HAVE BEEN JOINED

Jarred S. Freeman, Esq. does herein certify that there is not to his knowledge presently pending any other action at law concerning the facts and causes of action set forth and raised herein and that there is no indispensable party to this action who has not been joined.

## DESIGNATION OF TRIAL COUNSEL

JARRED S. FREEMAN, ESQ. is herein designated as counsel for plaintiff as to all issues.

LAW OFFICE OF JARRED S. FREEMAN L.L.C.
ATTORNEYS FOR PLAINTIFF

By: _____
JARRED S. FREEMAN, ESQ.

Dated: 9/13/15

## CERTIFICATION OF PLAINTIFF FOR VERIFIED COMPLAINT

I, _Donald E. Parker_, principal of BOSTON SCIENTIFIC CORP. of full age, hereby certify upon my oath that I have read the completed Complaint and that everything written therein is true and accurate. I understand if anything written herein is intentionally false, I am subject to punishment.

Dated: _09-03-15_

Subscribed and sworn to before me this _3_ day of _September_, 2015 by

_____
JARRED S. FREEMAN, ESQ.
an Attorney-At-Law of the State of New Jersey
authorized to administer this oath pursuant
to N.J.S.A. 41:2-1